The Honorable H.G. Foster Prosecuting Attorney 20th Judicial District Post Office Box 607 Clinton, Arkansas 72031
Dear Mr. Foster:
This is in response to your request for an opinion concerning the allocation of election expenses. You inquire as to whether election commissioners' fees can be considered as general election expenses and therefore assessed against the cities, as provided in A.C.A. § 7-5-104
(Repl. 1993). It is my understanding that by "election commissioners' fees" you are referring to the compensation of the county board of election commission members for their meetings. In my opinion, the answer to this question is "yes," provided the meetings pertain to the general election.
Section 7-5-104 provides in relevant part as follows:
 All expenses of general elections for presidential, congressional, state, district, county, township, or municipal offices in this state shall be paid by the counties in which they are held. However, any city or incorporated town shall reimburse the county board of election commissioners for the expenses of any election. . . .
The statute then specifies the formula to be used for reimbursement. Although the provision is ambiguous, we have previously opined that it contemplates reimbursement by the cities for general election expenses, only, and that the counties are responsible for the costs of special elections. (See Op. Att'y Gen. 93-125, copy enclosed.)
As noted in your correspondence, there are no statutory provisions defining election "expenses." However, A.C.A. § 7-4-111 (Repl. 1993) provides:
 Each member of the county board of election commissioners shall receive for his services the sum of not less than fifteen dollars ($15.00) per day for each day, or any portion of it, actually engaged in the duties of his office concerning the holding of elections.
The required minimum amount can be raised by the county quorum court which fixes the compensation for all county officers and employees by ordinance. See A.C.A. § 14-14-1206 (1987). Van Buren County Ordinance No. 92-11 provides for a compensation of fifty dollars ($50.00) to county election commissioners, "per meeting." In addition, there are no statutes which limit the number of meetings to be held by a county board. Arkansas Code Annotated § 7-4-105 (Repl. 1993) requires a meeting thirty (30) days prior to the general election to organize the board, but, in my opinion, cannot be read as limiting the board to a single meeting.
Although, as noted previously, there are no governing statutory definitions, it is my opinion that the term "expenses of general elections" could reasonably be interpreted to include meetings and other actions of the county election commission directly related to the holding of general elections. See A.C.A. § 7-4-107 (Repl. 1993) (governing the duties of county election boards). Such meetings and actions, in order to be reimbursable, may need to be examined on a case-by-case basis in order to ascertain whether they involve matters pertaining to a general election, rather than issues concerning other types of elections.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh